**Helen BANDLOW et al., Plaintiffs,**

v.

**MID–AMERICA FIRE & MARINE INSURANCE et al., Defendants.**

Civ. A. No. 79–C–938.

United States District Court,
E. D. Wisconsin.

Oct. 17, 1980.

**1328**

Marjan R. Kmiec, Milwaukee, Wis., for plaintiffs.

Douglas H. Starck, Milwaukee, Wis., for defendants.

## DECISION and ORDER

REYNOLDS, Chief Judge.

This is an action brought pursuant to 28 U.S.C. § 1332 for damages sustained by the plaintiff Helen Bandlow when a chair in which she was sitting broke in the home of the defendant Helen Spence, who was insured through a homeowner's insurance policy issued by the defendant Mid–America Fire & Marine Insurance Co. ("Mid–America"), and for damages arising out of the defendant Mid–America's alleged bad faith refusal to negotiate or settle the plaintiffs' claim. Plaintiffs are residents of Wisconsin; the defendant Hazel Spence is a resident of Arkansas; and the defendant Mid–America is a Missouri corporation.

Presently pending before the court is a question raised by the defendants at a scheduling conference held on September 24, 1980, and the defendants' motion to transfer this action to the United States District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a).

▬ The question raised by the defendants concerns the scope of this court's decision and order in this action dated July 11, 1980, and, particularly, whether the defendants' motion to dismiss the individual defendant Hazel Spence was addressed by the court in that decision and order. Upon a complete and careful reading of said decision and order, including the decision and order in *Uebelacker v. Horace Mann Insurance Co.,* 500 F.Supp. 180 (E.D.Wis., 1980) incorporated by reference therein, the Court concludes that its July 11, 1980, decision and order did not decide the defendants' motion to dismiss the individual defendant for lack of personal jurisdiction. Nonetheless, since I have already decided that the existence of personal jurisdiction in the transfer court is not prerequisite to the transfer of an action under 28 U.S.C. § 1404(a), see *Kruse v.*

*White,* C.A. No. 79–C–511 (E.D.Wis., Jan. 28, 1980), and since I will grant the defendant's motion to transfer this action, it is therefore unnecessary that I decide the defendants' renewed motion to dismiss the individual defendant, Hazel Spence.

Section 1404(a) of Title 28 U.S.C. provides:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The burden of establishing that the action should be transferred is on the moving party. See 1 Moore's Federal Practice, ¶ 0.145[5], at 1615. The defendants have met their burden. The plaintiffs are the only parties to the action who are residents of Wisconsin. The defendant Hazel Spence is a resident of Little Rock, Arkansas, while the defendant Mid–America is registered to do business and delivered its policy of insurance to Hazel Spence in Arkansas. The injuries sustained by the plaintiff occurred while visiting in Arkansas. Following the accident the plaintiff was hospitalized at Doctor's Hospital in Little Rock, Arkansas, for nine days. During the course of her stay she was treated by numerous Little Rock physicians and hospital personnel. The expense of bringing these witnesses and the records that they possess to Milwaukee, Wisconsin, would be great.

The Court is also mindful of the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action. In this action it will be necessary to determine whether Associated Hospital Service of Arkansas can maintain a claim for subrogation under Arkansas law, and it might be necessary to interpret and apply the Arkansas statutes on unfair claim settlement practices § 66–3005(9)(a), Ark.Stats. Accordingly, for the convenience of the parties and witnesses and, to a lesser degree, in the interest of justice,

IT IS ORDERED that the motion of the defendants Mid–America Fire & Marine In-

surance Co. and Helen Spence to transfer this action to the United States District Court for the Eastern District of Arkansas is granted.